# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JULIUS WORTHY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1503 SNLJ |
| | ) | |
| JAMES HURLEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

Petitioner pled guilty to forcible rape and robbery in the first degree in 2009. On January 12, 2010, the Circuit Court for the City of St. Louis sentenced petitioner to five years' imprisonment on the rape and ten years' imprisonment on the robbery, to be served consecutively. Petitioner did not file a direct appeal. *State v. Worthy*, No. 0822-CR07281-01 (22nd Judicial Circuit, St. Louis City).

Petitioner filed a post-conviction relief motion, pursuant to Missouri Supreme Court Rule 24.035 on April 8, 2010. *Worthy v. State*, No. 1022-CC01691 (22nd Judicial Circuit, St. Louis City). Petitioner voluntarily dismissed his motion to vacate on July 26, 2010. *Id.*

On January 9, 2015, petitioner filed a petition for writ of habeas corpus, pursuant to Missouri Supreme Court Rule 91, in *Worthy v. Hurley*, No. 15PI-CC00001 (45th Judicial Circuit, Pike County). Petitioner's application for writ was denied on July 23, 2015. *Id.* Petitioner later

1

filed an appeal of the denial of his application for habeas corpus, but this too, was denied on September 14, 2015. *See State ex rel. Worthy v. Hurley*, No. ED103363 (2015).

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The instant petition has been filed more than four years after petitioner's state court judgment of conviction became final. As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

2

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 7th day of October, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE