UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JULIUS WORTHY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:15CV1503 SNLJ |
| | ) |
| JAMES HURLEY, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit, and that the instant action is time-barred under 28 U.S.C. § 2244.

### The Petition

Petitioner pled guilty to forcible rape and robbery in the first degree in 2009. On January 12, 2010, the Circuit Court for the City of St. Louis sentenced petitioner to five years' imprisonment on the rape and ten years' imprisonment on the robbery, to be served consecutively. Petitioner did not file a direct appeal. *State v. Worthy*, No. 0822-CR07281-01 (22nd Judicial Circuit, St. Louis City).

Petitioner filed a post-conviction relief motion, pursuant to Missouri Supreme Court Rule 24.035 on April 8, 2010. *Worthy v. State*, No. 1022-CC01691 (22nd Judicial Circuit, St. Louis City). Petitioner voluntarily dismissed his motion to vacate on July 26, 2010. *Id.*

---

[1]On October 7, 2015, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

1

On January 9, 2015, petitioner filed a petition for writ of habeas corpus, pursuant to Missouri Supreme Court Rule 91, in *Worthy v. Hurley*, No. 15PI-CC00001 (45th Judicial Circuit, Pike County). Petitioner's application for writ was denied on July 23, 2015. *Id.* Petitioner later filed an appeal of the denial of his application for habeas corpus, but this too, was denied on September 14, 2015. *See State ex rel. Worthy v. Hurley*, No. ED103363 (2015).

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Under 28 U.S.C. § 2244(d) a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. In Missouri, the time for filing a direct appeal expires ten days after the judgment is entered, as such petitioner's judgment of conviction became final on January 22, 2010.[2]

Petitioner argues that the statute of limitations doctrine should not be raised by the Court sua sponte, but rather must be raised by respondent as an affirmative defense. In the case of *Day v. McDonough,* the Supreme Court found that "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Prior to doing so, however, this Court must give the party fair

---

[2]Although petitioner's statute of limitations would have been tolled during his post-conviction relief motion, brought pursuant to Rule 24.035, the motion was pending from April through July of 2010. Thus, any time after it was dismissed, would be counted towards the one-year statute of limitations.

2

notice and an opportunity to present an argument as to why the limitation period should not yield the dismissal of the petition. *Id.*

The Court has complied with the requirements set forth in *Day* in this instance. However, petitioner has still not explained why his petition for writ of habeas corpus was filed approximately four years late.

Petitioner's only excuse in his response to this Court is that he believes that the state trial court lacked jurisdiction to proceed in his criminal case. Petitioner has failed to explain how this alleged "jurisdictional defect" allows for equitable tolling in this instance or how it excuses him from the habeas statute of limitations. *See Preston v. Iowa*, 221 F.3d 1343 (8th Cir. 2000) (refusing to apply equitable tolling in the case of an unrepresented prisoner alleging a lack of legal knowledge or resources). Petitioner's conclusory statement that he believes the state criminal court lacked jurisdiction over his person is not enough to overcome the statute of limitations, and under the confines of habeas corpus review, *see* 28 U.S.C. § 2244, his petition is untimely in this Court.

As petitioner has failed to give an equitable reason why his untimeliness should be excused, the Court must dismiss the petition in this instance.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

Dated this 26th day of October, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE